1  BUCHALTER NEMER
   A Professional Corporation
2  GEORGE J. STEPHAN (SBN: 67692)
   FARAH P. BHATTI (SBN: 218633)
3  JASON E. GOLDSTEIN (SBN: 207481)
   18400 Von Karman Avenue, Suite 800
4  Irvine, CA  92612-0514
   Telephone: (949) 760-1121
5  Fax: (949) 720-0182
   Email:  gstephan@buchalter.com
6  Email:  fbhatti@buchalter.com
   Email:  jgoldstein@buchalter.com
7
   Attorneys for Plaintiff
8  HAAS AUTOMATION, INC.

9           UNITED STATES DISTRICT COURT

10          CENTRAL DISTRICT OF CALIFORNIA

11  HAAS AUTOMATION, INC.,              Case No. _____

12              Plaintiff,               Complaint for:

13      vs.                             1. **TRADEMARK
                                            COUNTERFEITING**
14  BRIAN DENNY, an individual,        2. **TRADEMARK INFRINGEMENT**
    CNCPROS.NET, Inc., an Idaho        3. **FALSE DESIGNATION OF
15  Corporation, AUTOMATED                ORIGIN**
    SOLUTIONS, INC.,  an Idaho         4. **TRADEMARK DILUTION**
16  Corporation doing business as ASI  5. **FALSE ADVERTISING**
    MACHINE & SUPPLY, CNCLISTINGS,     6. **CALIFORNIA STATE UNFAIR
17  LLC, an Idaho Corporation, FHD        COMPETITION**
    INTERNATIONAL, LLC, an Idaho       7. **CALIFORNIA STATE
18  limited liability company and Does 1-10   TRADEMARK DILUTION**
    inclusive,                         8. **COMMON LAW UNFAIR
19                                        COMPETITION**
            Defendants.                9. **CALIFORNIA STATE FALSE
20                                        ADVERTISING**

21                                     **DEMAND FOR JURY TRIAL**

22

23

24

25

26

27

28

1    Plaintiff HAAS AUTOMATION, INC. ("Haas") alleges as follows:

2    <u>JURISDICTION AND VENUE</u>

3        1.    This action arises under the trademark laws of the United States.  This

4    Court has original jurisdiction over the subject matter of this action pursuant to

5    28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121(a).

6        2.    This Court has supplemental jurisdiction over any claims herein

7    arising under the laws of the State of California pursuant to 28 U.S.C. §§ 1338(b)

8    and 1367 because the claims are so related to Haas' federal claims that they form

9    part of the same case or controversy under Article III of the United States

10   Constitution.

11       3.    Venue is properly asserted against Defendants BRIAN DENNY, an

12   individual, CNCPROS.NET, Inc., an Idaho Corporation, AUTOMATED

13   SOLUTIONS, INC., an Idaho Corporation doing business as ASI MACHINE &

14   SUPPLY, CNCLISTINGS, LLC, an Idaho Corporation, FHD INTERNATIONAL,

15   LLC, an Idaho limited liability company and Does 1-10 inclusive (collectively

16   "Defendants"), in this District under 28 U.S.C. § 1391(b) in that a substantial part

17   of the events or omissions giving rise to the claims herein arose in this District.

18   Additionally, Defendants regularly conduct business via the Internet in California,

19   and as such, maintain the requisite minimum contacts to be subject to personal

20   jurisdiction in California under 28 U.S.C. § 1391(c).

21       4.    Defendants have conducted substantial business in California for a

22   number of years, including but not limited to, purchasing parts from a California

23   business or businesses and purchasing advertising for a magazine with its principal

24   place of business in California.  Defendants have also actively litigated two prior

25   lawsuits in the United States District Court for the Central District of California.

26   **PARTIES**

27       5.    Haas is a corporation duly organized and existing under the laws of the

28   State of California and has a principal place of business at 2800 Sturgis Road,

Oxnard, California 93030.  Haas is now, and for many years has been, engaged in the business of providing goods and services in the field of computer numerically controlled ("CNC") machines throughout the United States and the world.

6.     Haas is informed and believes, and based thereon alleges, that Defendant BRIAN DENNY ("Denny") is an individual residing in Idaho, conducting  business at 1582 E. Bramble Lane, Meridian, Idaho, 83642 and in California.

7.     Haas is informed and believes, and based thereon alleges, that Defendant CNCPROS.NET, Inc. ("CNCPros") is an Idaho corporation, conducting business at 1582 E. Bramble Lane, Meridian, Idaho, 83642 and in California.

8.     Haas is informed and believes, and based thereon alleges, that Defendant AUTOMATED SOLUTIONS, INC. ("Automated Solutions") is an Idaho corporation, conducting business at 1582 E. Bramble Lane, Meridian, Idaho, 83642 and in California.

9.     Haas is informed and believes, and based thereon alleges, that Defendant ASI MACHINE AND SUPPLY ("ASI") is an assumed name used by Defendant Automated Solutions, which conducts business at 1582 E. Bramble Lane, Meridian, Idaho, 83642 and in California.

10.     Haas is informed and believes, and based thereon alleges, that Defendant CNCLISTINGS, LLC ("CNCListings") is an Idaho corporation, conducting business at 1582 E. Bramble Lane, Meridian, Idaho, 83642 and in California.

11.     Haas is informed and believes, and based thereon alleges, that Defendant FHD INTERNATIONAL, LLC ("FHD") is an Idaho limited liability company, conducting business at 1582 E. Bramble Lane, Meridian, Idaho, 83642 and in California.   Denny is the managing member of FHD.

12.     Haas is informed and believes, and based thereon alleges, that Denny is the President of Automated Solutions and CNCPros.

13.   Haas is informed and believes, and based thereon alleges, that Automated Solutions is a member or manager of CNCListings and that Brian Denny signed the Certificate of Organization on behalf of Automated Solutions in the CNCListings Idaho filing.

14.   Haas is informed and believes, and thereon alleges, that at all times relevant to the Complaint:

a.   Defendant Denny was the sole shareholder or member of CNCPros, Automated Solutions, CNCListings and FHD, and used ASI as a fictitious business name under which one or more of these entities operated;

b.   Denny controlled and dominated CNCPros, Automated Solutions, CNCListings and FHD, including the assets of CNCPros, Automated Solutions, CNCListings and FHD;

c.   There existed a unity of ownership interest between Denny and CNCPros, Automated Solutions, CNCListings and FHD such that any individuality and separateness of the corporations and their shareholder has ceased.  Adherence to the fiction of the separate existence of CNCPros, Automated Solutions, CNCListings and FHD would permit an abuse of the corporate privilege and would sanction fraud and promote injustice;

d.   Denny completely controlled, dominated, managed and operated CNCPros, Automated Solutions, CNCListings and FHD in such a manner as to commingle personal and corporate assets and obligations.

e.   Denny has carried on the business of CNCPros, Automated Solutions, CNCListings and FHD without holding required directors' and/or shareholders' meetings, without preparing or maintaining the records of minutes of any corporate proceedings and without following all corporate formalities;

f.   Denny's mismanagement of CNCPros, Automated Solutions, CNCListings and FHD has rendered CNCPros, Automated Solutions, CNCListings and FHD insolvent and the adherence to the corporate fiction of CNCPros, Automated Solutions, CNCListings and FHD would result in a fraud on their creditors, including Haas, and constitutes an abuse of the corporate privilege and the abuse of the availability of limited liability for the corporations' shareholders;

g.   Denny has used CNCPros, Automated Solutions, CNCListings and FHD as mere conduits and instrumentalities to conduct and fund purely personal transactions without repayment to CNCPros, Automated Solutions, CNCListings and FHD; and,

h.   Adherence to the fiction of the separate existence of CNCPros, Automated Solutions, CNCListings and FHD as entities separate and distinct from Denny under the above alleged facts and circumstances, and those to be determined through discovery in this action, would permit an abuse of the corporate privilege.  The purported separate existence of CNCPros, Automated Solutions, CNCListings and FHD should be disregarded and any judgment entered against CNCPros, Automated Solutions, CNCListings and FHD should also be entered against Denny to prevent a fraud on creditors and a miscarriage of justice.  In addition, the acts of CNCPros, Automated Solutions, CNCListings and FHD must be deemed the acts of Denny.

15.   Haas is informed and believes, and thereon alleges that, at all times herein alleged, CNCPros, Automated Solutions, CNCListings and FHD were conceived, and/or intended for (even at times subsequent to their formation), and used by Denny as a device to avoid individual liability and for the purpose of substituting financially insolvent corporations in the place of Denny or to try to conceal Denny's acts and omissions by the use of these entities.

16. Haas is informed and believes, and thereon alleges that, at all material times, Denny was the agent, servant or employee of CNCPros, Automated Solutions, CNCListings and FHD, and in doing the things hereinafter alleged, acted within the course and scope of their authority and with the ratification and consent of CNCPros, Automated Solutions, CNCListings and FHD. Accordingly, CNCPros, Automated Solutions, CNCListings and FHD are liable to Haas on all causes of action for which Denny is found liable to Haas. Denny is liable to Haas on all causes of action for which the entities are found liable to Haas.

17. Haas is informed and believes and based thereon alleges that Does 1 through 10 are the agents, successors, employees, or otherwise responsible parties for Denny, ASI, Automated Solutions, CNCPros, CNCListings and FHD.

18. Haas is one of the largest builders and manufacturers of CNC machine tools in the Western World. Over the past thirty years, Haas has built a family of trademarks and service marks under which it labels, advertises, offers for sale and sells its CNC goods and services throughout the United States and the world (the "Haas Marks").

## DEFENDANTS' WRONGFUL CONDUCT

19. In November 2009, Haas filed a complaint in the United States District Court for the Central District of California, Case No. 09-CV-08336-CBM, against Defendants (the same Defendants sued herein, except CNCListings and FHD) for violations of the Anti-Cybersquatting Consumer Protection Act ("ACPA") and other claims, due to their wrongful use of seven domain names (the "2009 Litigation"). After filing the 2009 Litigation, Haas discovered that Defendants had wrongfully registered eight more domain names. Haas amended its complaint to include those additional domains, for a total of fifteen domain names wrongfully used by those defendants. In April 2011, the 2009 Litigation was tried in a U.S. District Court action in the Central District of California which was heard by Judge Consuelo B. Marshall and the jury found Denny guilty of violating the ACPA.

1  Judgment was entered for ACPA damages and for attorney's fees, and the judgment

2  was affirmed on appeal by the Ninth Circuit.

3      20.    During and after the 2009 Litigation, and before Haas' second lawsuit

4  against Defendants, Haas discovered that Defendants had registered several more

5  domain names containing the word Haas, including *haasplus.com*, which was

6  registered on April 8, 2011, just a few days before the trial in the 2009 Litigation

7  and *all-haas.com*, which was registered on September 19, 2011, a few months after

8  a jury adjudicated Denny a cybersquatter.

9      21.    In May 2012, Haas filed its second lawsuit against Defendants in the

10  United States District Court for the Central District of California, Case No. 12-CV-

11  04779-CBM, for violations of the ACPA and other claims, due to their wrongful

12  registration, use, etc. of the *twenty-three* infringing domain names, including

13  *haasplus.com* and *all-haas.com* (the "2012 Litigation").

14      22.    Haas is informed and believes, and based thereon alleges, that even

15  after Haas filed the 2012 Litigation, Defendants continued to use the *haasplus.com*

16  and *all-haas.com* domain names.

17      23.    Haas is informed and believes, and based thereon alleges, that

18  Defendants used the website *haasplus.com* to sell both authentic and fake

19  replacement parts for Haas CNC machines.

20      24.    Haas is informed and believes, and based thereon alleges, that the fake

21  replacement parts for Haas CNC machines that were sold on *haasplus.com* were

22  either manufactured by FHD or other entities with no affiliation to Haas (the "Fake

23  Replacement Part" or "Fake Replacement Parts").

24      25.    Haas is informed and believes, and based thereon alleges, that

25  nothing on the *haasplus.com* website indicated whether a particular replacement

26  part available for sale on the *haasplus.com* website was an authentic part

27  manufactured by an authorized affiliate of Haas or a Fake Replacement Part

28  manufactured by FHD or another entity with no affiliation to Haas.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

15540828.2

COMPLAINT

26.     Haas is informed and believes, and based thereon alleges, that many of the Fake Replacement Parts that were sold on the *haasplus.com* website were identified by the same part numbers which are used to identify authentic Haas replacement parts.

27.     Haas is informed and believes, and based thereon alleges, that the Fake Replacement Parts were shipped in packaging and with an invoice, each of which displayed the word "Haas." True and correct copies of photographs of shipments of the Fake Replacement Parts are attached hereto marked as collective **Exhibit 1**.

28.     On December 4, 2013, the Court, by Judge Consuelo B. Marshall, issued a formal order (Docket No. 150) on Haas' and Defendants' summary judgment motions for the 2012 Litigation (the "2013 Partial Judgment"), which adjudicated, in part, that Defendants Denny, CNCListings and FHD violated the ACPA as to all of the twenty-three domains that were the subject of the lawsuit, including *haasplus.com* and *all-haas.com*.

## DEFENDANT'S CONDUCT AFTER THE COURT'S FORMAL ENTRY OF THE 2013 PARTIAL JUDGMENT

29.     After the Court's 2013 Partial Judgment, formal order, Defendants returned the domains *haasplus.com* and *all-haas.com* to Haas, but continued to use the *haasplus* and *all-haas* designations on the Internet.

30.     Haas is informed and believes, and based thereon alleges, that Defendants maintained a LinkedIn profile for *haasplus* at http://www.linkedin.com/company/haasplus. This LinkedIn profile contained a link to the domain http://www.SequoiaCNC.com, which led to a website that advertised replacement parts for Haas CNC machines. True and correct copies of which are attached hereto marked as collective **Exhibit 2**.

31.     Haas is informed and believes, and based thereon alleges, that Defendants also maintained a LinkedIn profile for *all-haas* at http://www.linkedin.com/company/all-haas. This LinkedIn profile contained a link

1  to the domain *all-hcnc.com*, which was registered by Defendant Denny on
2  December 9, 2013 – only five days after the Court's 2013 Partial Judgment.  A true
3  and correct copy of which is attached hereto marked as **Exhibit 3**.

4       32.    Haas is informed and believes, and based thereon alleges, that
5  Defendants    also    maintained    a    Pinterest    profile    for    *all-haas*    at
6  http://www.pinterest.com/allhaas2013/following/.  This Pinterest profile contained
7  a logo for AllFadal.com, a company that is owned by Defendants and sells CNC
8  parts. A true and correct copy of which is attached hereto marked as **Exhibit 4**.

9       33.    Haas is informed and believes, and based thereon alleges, that
10 Defendants    similarly    maintained    a    Twitter    profile    for    *all-haas*    at
11 https://twitter.com/AllHaasPage and a Modern Machine Shop profile for *all-haas* at
12 http://www.mmsonline.com/suppliers/all-haas.   True and correct copies of which
13 are attached hereto marked as **Exhibits 5 and 6**, respectively.

14      34.    Haas is informed and believes, and based thereon alleges, that
15 Defendants also continued to sell Fake Replacement Parts on amazon.com and
16 ebay.com using the *haasplus* designation.  True and correct copies of print-outs
17 from amazon.com are attached hereto marked as collective **Exhibit 7** and true and
18 correct copies of print-outs from ebay.com are attached hereto marked as collective
19 **Exhibit 8**.

20      35.    Furthermore, Haas is informed and believes, and based thereon
21 alleges, that Defendant Denny's Google+ profile contained links to *haasplus.com*
22 and *all-haas.com*.  A true and correct copy of which is attached hereto marked as
23 **Exhibit 9**.

24                         **THE HAAS MARKS**

25      36.    Through extensive and continuous use, Haas owns numerous
26 trademark registrations (and common-law variations) containing the term HAAS,
27 used on and in connection with CNC machines and services, including the
28 following:

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

15540828.2

| MARK | DATE FILED | DATE REGISTERED | REGISTRATION NUMBER | DATE OF FIRST USE |
|---|---|---|---|---|
|  | 11/03/2000 | 05/28/2002 | 2,573,776 | 07/07/1983 |
| HAAS AUTOMATION | 11/03/2000 | 05/28/2002 | 2,573,775 | 07/07/1983 |
| HAAS FACTORY OUTLET | 07/27/2007 | 11/18/2008 | 3,533,101 | 03/01/1998 |
| HAAS FACTORY OUTLET | 07/27/2007 | 10/14/2008 | 3,514,894 | 03/01/1998 |

37.  Haas' registrations identified in paragraph 36, above, are valid and subsisting (jointly referred to as the "Haas Marks").

38.  Since as early as July 7, 1983, Haas has continuously used, advertised, offered for sale, and/or sold, in interstate commerce, Haas' goods and services under the Haas Marks throughout the United States through various channels of trade, including, but not limited to, the Internet and the Haas Website.

39.  Haas' actual and intended class of consumers throughout the United States, are end users seeking CNC machines and services.

40.  Haas has devoted substantial time, effort and resources in the establishment of the good will, consumer recognition, and nationwide reputation of the Haas Marks.

41.  Haas has also expended significant resources to advertise its CNC goods and services under the Haas Marks, throughout the United States in multiple media, including, but not limited to, various websites and forums on the Internet as well as the official Haas website, http://www.haascnc.com ("Haas Website").

42.  The Haas Marks are inherently distinctive and famous within the meaning of 15 U.S.C. §1125(c).

43.  Haas has not abandoned any of the Haas Marks.

## FIRST CLAIM FOR RELIEF

### [Federal Trademark Counterfeiting – 15 U.S.C. § 1114]

44.     Haas repeats, realleges, and incorporates by reference, as though fully set forth herein, the allegations contained in all prior and subsequent paragraphs.

45.     For decades prior to the acts of Defendants complained of herein, Haas has used the Haas Marks in interstate and international commerce in connection with all of its products and services, including its CNC machines and its CNC machine replacement parts.

46.     Defendants have used spurious designations that are identical with, or substantially indistinguishable from, the Haas Marks on goods related to or covered by registrations for the Haas Marks.

47.     Defendants have used these spurious designations knowing they are counterfeit in connection with the advertisement, promotion, sale, and/or offering for sale and distribution of goods.

48.     Defendants' use of the Haas Marks to advertise, promote, offer for sale, distribute and sell Defendants' CNC parts was and is without the consent of Haas.

49.     Defendants' unauthorized use of the Haas Marks on and in connection with Defendants' advertisement, promotion, sale, offering for sale and distribution of CNC parts through the World Wide Web constitutes Defendants' use of the Haas Marks in interstate commerce.

50.     Defendants' unauthorized use of the Haas Marks as set forth above has and is likely to continue to: (a) cause confusion, mistake and deception; (b) cause the public to believe that Defendants' are authorized, sponsored, or approved by Haas such that the Fake Replacement Parts are authentic when they are not; and (c) result in Defendants unfairly benefitting from Haas' advertising and promotion and profiting from the reputation of Haas and its Haas Marks all to the substantial and irreparable injury of the public, Haas and the Haas Marks.

51.   Defendants' above recited facts constitute trademark counterfeiting in violation of 15 U.S.C. § 1114.

52.   Defendants' acts are intentional, willful and malicious.

53.   Defendants continuing infringement has inflicted, and unless restrained by this Court will continue to inflict, great and irreparable harm upon Haas.  Haas has no adequate remedy at law.  Haas is entitled to preliminary and permanent injunctions enjoining Defendants from engaging in further acts of infringement.

54.   Haas is informed and believes, and based thereon alleges, that as a direct and proximate result of Defendants' foregoing acts, Haas has suffered and is entitled to an award of monetary damages in an amount not yet determined, as Defendants are unjustly enriched and Haas is unjustifiably damaged each and every time Defendants sell a Fake Replacement Part or cause confusion as to their affiliation with Haas by using the *haasplus* or *all-haas* designations.

55.   Alternatively, Haas is entitled to statutory damages pursuant to 15 U.S.C. § 1117 (c) in the amount of $2,000,000 per counterfeit mark, per type of goods or services sold, offered for sale, or distributed.  Haas is also entitled to its attorneys' fees and costs of suit herein.

## SECOND CLAIM FOR RELIEF

### [Federal Trademark Infringement – 15 U.S.C. § 1114]

56.   Haas repeats, realleges, and incorporates by reference, as though fully set forth herein, the allegations contained in all prior and subsequent paragraphs.

57.   Defendants had both actual and constructive knowledge of Haas' ownership and rights in its federally registered marks prior to Defendants' infringing use of those marks.

58.   Haas is informed and believes and based thereon alleges that Defendants have been manufacturing, advertising, distributing, marketing, promoting, offering for sale, and selling in interstate commerce CNC replacement

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

15540828.2

1  parts using the Haas Marks identified above.  Defendants' use of the Haas Marks in
2  association with Defendants' products is likely to cause confusion and Haas is
3  informed and believes, and based thereon alleges, that such use has caused
4  consumer confusion that Defendants' products are commissioned by, sponsored by,
5  or affiliated with Haas.

6       59.    Defendants' use of the Haas Marks is without the permission of Haas.
7  Haas is informed and believes, and based thereon alleges, that Defendants willfully
8  use the Haas Marks in connection with the sale, offering for sale, distribution,
9  and/or advertising of the Defendants' products in a manner likely to cause
10  confusion, or to cause mistake, or to deceive customers that Defendants' products,
11  including their Fake Replacement Parts, are a Haas product or authorized by Haas.

12      60.    The above-recited acts by Defendants constitute trademark
13  infringement of the Haas Marks to the substantial and irreparable injury of the
14  public and of Haas' business reputation and goodwill.

15      61.    Haas is informed and believes, and based thereon alleges, that as a
16  result of these acts, Defendants have been, and will continue to be, unjustly
17  enriched by the profits that the Defendants have made in connection with the
18  distribution and/or sale of Defendants' Fake Replacement Parts using the Haas
19  Marks.

20      62.    Defendants continuing infringement has inflicted, and unless
21  restrained by this Court will continue to inflict, great and irreparable harm upon
22  Haas.  Haas has no adequate remedy at law.  Haas is entitled to preliminary and
23  permanent injunctions enjoining Defendants from engaging in further acts of
24  infringement.

25      63.    Haas is informed and believes, and based thereon alleges, that as a
26  direct and proximate result of Defendants' foregoing acts, Haas has suffered and is
27  entitled to an award of monetary damages in an amount not yet determined, as
28  Defendants are unjustly enriched and Haas is unjustifiably damaged each and every

1   time Defendants sell a Fake Replacement Part or cause confusion as to their

2   affiliation with Haas by using the *haasplus* or *all-haas* designations.  Haas is also

3   entitled to its attorneys' fees and costs of suit herein.

4       64.   Haas is informed and believes, and based thereon alleges, that

5   Defendants' acts were in conscious and willful disregard of the Haas Marks and the

6   resulting damage to Haas is such as to warrant the trebling of damages in order to

7   provide just compensation.

8

9   ## THIRD CLAIM FOR RELIEF

10   ## [False Designation of Origin – 15 U.S.C. 1125(a)]

11       65.   Haas repeats, realleges, and incorporates by reference, as though fully

12   set forth herein, the allegations contained in all prior and subsequent paragraphs.

13       66.   Haas is informed and believes, and based thereon alleges, that

14   Defendants have used and are using the Haas Marks to sell, market, and promote

15   Defendants' products with the intent of passing off and confusing the public into

16   believing that Defendants' products originate with, are commissioned by, and/or are

17   sponsored by Haas.

18       67.   Defendants' above recited acts, constitute false designation of origin,

19   false description of fact, false representation, unfair competition, and false

20   affiliation, connection, or association in violation of Section 43(a) of the Lanham

21   Act, 15 U.S.C. § 1125(a), as such acts are likely to have deceived and are likely to

22   continue to deceive customers and prospective customers into believing that

23   Defendants' products, including their Fake Replacement Parts, are from or

24   sponsored by Haas and/or that Defendants are affiliated or associated with Haas.

25       68.   If not enjoined by the Court, Defendants will continue to sell

26   Defendants' products, including their Fake Replacement Parts, in commerce, which

27   products will be attributed to having emanated from Haas.  Furthermore, even when

28   selling genuine Haas replacement parts, Defendants' use of the *Haasplus*

designation will continue to cause consumer confusion as to the identity of the entity selling the parts, which is a false designation of source. Haas, however, has no control over the nature and quality of Defendants' Fake Replacement Parts or the service provided by Defendants when selling genuine Haas products, and any fault or objection with said products or Defendants' customer service will adversely affect future sales by Haas of its own real products.

69.    Haas is informed and believes, and based thereon alleges, that as a result of these acts, Defendants have been, and will continue to be, unjustly enriched by the profits that the Defendants have made in connection with their distribution and/or sale of Defendants' products.

70.    Haas is informed and believes, and based thereon alleges, that Defendants' continuing infringement has inflicted, and unless restrained by this Court will continue to inflict, great and irreparable harm upon Haas. Haas has no adequate remedy at law. Haas is entitled to preliminary and permanent injunctions enjoining Defendants from engaging in further acts of infringement.

71.    Haas is informed and believes, and based thereon alleges, that as a direct and proximate result of Defendants' foregoing acts, Haas has suffered and is entitled to an award of monetary damages in an amount not yet determined, as Defendants are unjustly enriched and Haas is unjustifiably damaged each and every time Defendants sell a Fake Replacement Part or cause confusion as to their affiliation with Haas by using the *haasplus* or *all-haas* designations. Haas is also entitled to its attorneys' fees and costs of suit herein.

72.    Haas is informed and believes, and based thereon alleges, that Defendants' acts were in conscious and willful disregard for Haas rights, and the resulting damage to Haas is such as to warrant the trebling of damages in order to provide just compensation.

## FOURTH CLAIM FOR RELIEF

### [Federal Trademark Dilution – 15 U.S.C. § 1125(c)]

73.    Haas repeats, realleges, and incorporates by reference, as though fully set forth herein, the allegations contained in all prior and subsequent paragraphs.

74.    The Haas Marks are distinctive and famous marks.

75.    Defendants began using the Haas Marks in connection with the advertising, offering for sale, and/or sale of Defendants' products, including their Fake Replacement Parts, subsequent to the Haas Marks becoming famous.

76.    Defendants' advertising, distribution, marketing, promotion, offer for sale, and/or sale of Defendants' products, including their Fake Replacement Parts, and their use of the Haas Marks causes dilution by lessening the capacity of the Haas Marks to identify and distinguish Haas products.  Defendants' use of the Haas Marks also causes dilution by tarnishment by harming the reputation of the Haas Marks.

77.    By reason of the acts complained of herein, Defendants' have caused the dilution of the distinctive quality of the Haas Marks, lessened the capacity of the Haas Marks to identify and distinguish Haas products, and tarnished the Haas Marks in violation of 15 U.S.C. §1125(c).

78.    As a result of their acts, Defendants have been, and will continue to be, unjustly enriched by the profits that the Defendants have made in connection with their distribution and/or sale of Defendants' products, including their Fake Replacement Parts.

79.    Defendants' continuing infringement has inflicted, and unless restrained by this Court will continue to inflict, great and irreparable harm upon Haas.  Haas has no adequate remedy at law.  Haas is entitled to preliminary and permanent injunctions enjoining Defendants from engaging in further acts of infringement.

80.    Haas is informed and believes, and based thereon alleges, that as a direct and proximate result of Defendants' foregoing acts, Haas has suffered and is entitled to an award of monetary damages in an amount not yet determined, as Defendants are unjustly enriched and Haas is unjustifiably damaged each and every time Defendants sell a Fake Replacement Part or cause confusion as to their affiliation with Haas by using the *haasplus* or *all-haas* designations.  Haas is also entitled to its attorneys' fees and costs of suit herein.

81.    Haas is informed and believes, and based thereon alleges, that Defendants' acts were in conscious and willful disregard of Haas' rights in the Haas Marks and the resulting damage to Haas is such as to warrant the trebling of damages in order to provide just compensation.

## FIFTH CLAIM FOR RELIEF

### [False Advertising – 15 U.S.C. § 1125(a)]

82.    Haas repeats, realleges and incorporates by reference, as though fully set forth herein, the allegations contained in all prior and subsequent paragraphs.

83.    Haas is informed and believes, and based thereon alleges, that Defendants have in effect informed the market that Defendants' Fake Replacement Parts are the products of Haas and that Defendants are affiliated with Haas when they are not.  These misrepresentations were made in interstate commerce through commercial advertising or promotion of Defendants' products, including on the Internet, and are false and/or misleading and do not represent the nature and characteristics of Defendants' company or its Fake Replacement Parts.  Haas is further informed and believes, and based thereon alleges, that Defendants made these misrepresentations knowingly and intentionally in an effort to confuse consumers, and these statements have actually deceived or have a tendency to deceive a substantial segment of their audience.  Further, this deception is material in that the above-mentioned statements are likely to influence the decision by consumers to purchase Defendants' products as the Haas Marks are synonymous

1 | with quality CNC machines, CNC parts and CNC services and Defendants' seek to
2 | unlawfully trade off the Haas Marks as a result.

3 |   84. Defendants' above-described acts constitute false advertising in
4 | violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

5 |   85. As a result of their acts, Defendants have been, and will continue to be,
6 | unjustly enriched by the profits that the Defendants have made in connection with
7 | their distribution and/or sale of Defendants' products.  Such profits have damaged
8 | and will continue to damage Haas.

9 |   86. Defendants' continuing infringement has inflicted, and unless
10 | restrained by this Court will continue to inflict, great and irreparable harm upon
11 | Haas.  Haas has no adequate remedy at law.  Haas is entitled to preliminary and
12 | permanent injunctions enjoining Defendants from engaging in further acts of false
13 | advertising.

14 |   87. Haas is informed and believes, and based thereon alleges, that as a
15 | direct and proximate result of Defendants' foregoing acts, Haas has suffered and is
16 | entitled to an award of monetary damages in an amount not yet determined, as
17 | Defendants are unjustly enriched and Haas is unjustifiably damaged each and every
18 | time Defendants sell a Fake Replacement Part or cause confusion as to their
19 | affiliation with Haas by using the *haasplus* or *all-haas* designations.  Haas is also
20 | entitled to its attorneys' fees and costs of suit herein.

21 |   88. Haas is informed and believes, and based thereon alleges, that
22 | Defendants' acts were in conscious and willful disregard for Haas' rights, and the
23 | resulting damage to Haas is such as to warrant the trebling of damages in order to
24 | provide just compensation.

25 |
26 |
27 |
28 |

## SIXTH CLAIM FOR RELIEF

### [California Statutory Unfair Competition –

### Cal. Bus. & Prof. Code § 17200, *et seq.*]

89.     Haas repeats, realleges, and incorporates by reference, as though fully set out herein, the allegations contained in all prior and subsequent paragraphs.

90.     Haas has built valuable goodwill in the Haas Marks.  Defendants' advertising, distribution, marketing, promotion, offer for sale, and/or sale of Defendants' Fake Replacement Parts using the Haas Marks is likely to and does permit Defendants to trade upon the goodwill of the Haas Marks and to confuse the public regarding a connection or affiliation between Haas and Defendants.  This conduct results in damage to Haas' goodwill and reputation, the loss of  money and property to Haas, and the unjust enrichment of Defendants.

91.     By manufacturing, advertising, distributing, marketing, importing, promoting, offering for sale, and/or selling Defendants' products, including their Fake Replacement Parts, using the Haas Marks, Defendants mislead others, and will continue to mislead others, into assuming there is a connection between Haas and Defendants.

92.     Defendants' use of the Haas Marks in connection with Defendants' products, including their Fake Replacement Parts, was and is without the consent of Haas.  Defendants' conduct is thus unfair, unlawful and fraudulent in violation of Section 17200, *et seq.* of the California Business and Professions Code.

93.     Haas is informed and believes, and based thereon alleges, that unless restrained by this Court, Defendants will continue to infringe the Haas Marks, and pecuniary compensation will not afford Haas adequate relief for the damage to its trademarks in the public perception.

94.     As a result of the acts complained of herein, Defendants have been, and will continue to be, unjustly enriched by the profits that Defendants have made in connection with the distribution and/or sale of the Defendants' products and

1  Haas has been, and continues to be, monetarily damaged with each sale by
2  Defendants of a Fake Replacement Part.

3  ### SEVENTH CLAIM FOR RELIEF:

4  ### [California Trademark Dilution – Cal. Bus. & Prof. Code § 14247]

5  95.   Haas repeats, realleges, and incorporates by reference, as though fully
6  set forth herein, the allegations contained in all prior and subsequent paragraphs.

7  96.   The Haas Marks are distinctive and famous marks, as those terms are
8  used in California Business and Professions Code §14247.

9  97.   Defendants began using the Haas Marks in connection with the
10 advertising, offering for sale, and/or sale of Defendants' products, including their
11 Fake Replacement Parts, subsequent to the Haas Marks becoming famous.

12 98.   Defendants' advertising, distribution, marketing, promotion, offer for
13 sale, and/or sale of Defendants' products, including their Fake Replacement Parts,
14 using the Haas Marks causes dilution by lessening the capacity of the Haas Marks
15 to identify and distinguish Haas products.  Defendants' use of the Haas Marks also
16 causes dilution by tarnishment by harming the reputation of the Haas Marks.

17 99.   By reason of the acts complained of herein, Defendants' have caused
18 the dilution of the distinctive quality of the Haas Marks, lessened the capacity of the
19 Haas Marks to identify and distinguish Haas products, and tarnished the Haas
20 Marks.

21 100.   As a result of their acts, Defendants have been, and will continue to be,
22 unjustly enriched by profits that Defendants have made in connection with their
23 distribution and/or sale of Defendants' products, including their Fake Replacement
24 Parts.

25 101.  Defendants' continuing infringement has inflicted, and unless
26 restrained by this Court will continue to inflict, great and irreparable harm upon
27 Haas.  Haas has no adequate remedy at law.  Haas is entitled to preliminary and

28

permanent injunctions enjoining Defendants from engaging in further acts of infringement.

102.   Haas is informed and believes, and based thereon alleges, that as a direct and proximate result of Defendants' foregoing acts, Haas has suffered and is entitled to an award of monetary damages in an amount not yet determined, as Defendants are unjustly enriched and Haas is unjustifiably damaged each and every time Defendants sell a Fake Replacement Part or cause confusion as to their affiliation with Haas by using the *haasplus* or *all-haas* designations.  Haas is also entitled to its attorneys' fees and costs of suit herein.

103.   Haas is informed and believes, and based thereon alleges, that Defendants' acts were in conscious and willful disregard of Haas' rights in the Haas Marks, and the resulting damage to Haas is such as to warrant the trebling of damages in order to provide just compensation.

## EIGHT CLAIM FOR RELIEF:

### [Common Law Unfair Competition]

104.   Haas repeats, realleges, and incorporates by reference, as though fully set forth herein, the allegations contained in all prior and subsequent paragraphs.

105.   Defendants' actions in connection with Defendants' products are likely to cause confusion, to cause misrepresentation, to cause mistake, and/or to deceive the public as to the affiliation, approval, sponsorship, or connection between Defendants and Haas, and constitute unfair competition at common law.

106.   By reason of Defendants' actions in connection with Defendants' products, Haas has suffered, and will continue to suffer, irreparable injury to its rights, and has suffered, and will continue to suffer, substantial loss of goodwill and loss in the value of its trademark, unless and until Defendants are enjoined from continuing their wrongful acts.

107.   By reason of Defendants' actions in connection with Defendants' Fake Replacement Parts, Haas has been damaged in an amount not presently ascertained,

1   and such damage will continue and increase unless and until Defendants are
2   enjoined from continuing their wrongful acts.

3       108.   The conduct of the Defendants, is highly reprehensible because,
4   among other things: (A) it has caused and will continue to cause substantial
5   economic loss to Haas; (B) it demonstrates an indifference as to the trademark
6   rights of Haas; (C) it has been repeated and continuous, rather than just an isolated
7   incident; and (D) it has caused and will continue to cause harm to Haas not by
8   accident, but rather by said intentional malice, trickery and deceit.

9       109.   Haas is informed and believes, and thereon alleges, that the
10  aforementioned conduct of the Defendants, was intended to cause injury to Haas or
11  was despicable conduct carried on by them with a willful and conscious disregard
12  of the trademark rights of Haas such as to constitute malice, oppression, or fraud
13  under California Civil Code § 3294, thereby entitling Haas to punitive damages in
14  an amount appropriate to punish or set an example of the Defendants, and each of
15  them.   The aforementioned acts were either committed by Denny individually
16  and/or in Denny's capacity as an officer or managing agent of Defendants and/or by
17  an employee or agent of Defendants and such conduct was ratified by Denny as an
18  officer or managing agent of Defendants.

19                              **NINTH CLAIM FOR RELIEF:**

20  **[False Advertising Pursuant to California Business and Professions Code §**
21  **17500]**

22      110.   Haas repeats, realleges, and incorporates by reference, as though fully
23  set forth herein, the allegations contained in all prior and subsequent paragraphs.

24      111.   Haas is informed and believes, and based thereon alleges, that
25  Defendants have in effect informed the market that Defendants' products, including
26  their Fake Replacement Parts, are the products of Haas.  Haas is further informed
27  and believes, and based thereon alleges, that Defendants made these
28  misrepresentations knowingly and intentionally in an effort to confuse consumers,

1  and these statements have actually deceived or have a tendency to deceive a
2  substantial segment of their audience.  Further, this deception is material in that the
3  above-mentioned statements are likely to influence the decision by consumers to
4  purchase Defendants' products.   This conduct violates California Business and
5  Professions Code § 17500.

6    112.  Defendants'  continuing  infringement  has  inflicted,  and  unless
7  restrained by this Court will continue to inflict, great and irreparable harm upon
8  Haas.  Haas has no adequate remedy at law.  Haas is entitled to preliminary and
9  permanent injunctions enjoining Defendants from engaging in further acts of false
10  advertising.

11    113.  Haas is informed and believes, and based thereon alleges, that as a
12  direct and proximate result of Defendants' foregoing acts, Haas has suffered and is
13  entitled to an award of monetary damages in an amount not yet determined, as
14  Defendants are unjustly enriched and Haas is unjustifiably damaged each and every
15  time Defendants sell a Fake Replacement Part or cause confusion as to their
16  affiliation with Haas by using the *haasplus* or *all-haas* designations.

17    **PRAYER FOR RELIEF**

18    WHEREFORE, Haas respectfully demands judgment:

19    1.   That Defendants, their affiliates, subsidiaries, officers, directors,
20  employees, and attorneys, and all persons and/or entities acting for, with, by,
21  through, or in concert with them or any of them be enjoined preliminarily and
22  permanently from:

23    (a)   using the Haas Marks and/or any other designation that is a
24  colorable imitation of and/or is confusingly similar to the Haas Marks, in any
25  medium (retail, wholesale, internet, physical or otherwise) in connection with any
26  product or the manufacture, advertising, distribution, marketing, importation,
27  offering for sale, and/or sale of products neither originating from nor authorized by
28  Haas;

1           (b)     representing in any manner, or by any method whatsoever, that

2   Defendants are in any way affiliated with Haas, or that the goods, services, or other

3   products provided by Defendants are sponsored, approved, authorized by, or

4   originate from Haas, or otherwise taking any action likely to cause confusion,

5   mistake, or deception as to the origin, approval, sponsorship, or certification of such

6   goods or services;

7           (c)     infringing, diluting and/or tarnishing the distinctive quality of

8   the Haas Marks; and

9           (d)    unfairly competing with Haas in any manner;

10      2.     That Defendants be required to deliver up to Haas for destruction any

11  literature, catalogs, signs, advertising material, and the like bearing any of the Haas

12  Marks or any confusingly similar variations thereof for products neither originating

13  from nor authorized by Haas.

14      3.     That Defendant be required to delivery up to Haas for destruction all

15  counterfeit goods.

16      4.     That Defendants, within thirty (30) days after service of notice of entry

17  of judgment upon them, be required to file with the Court and serve upon Haas'

18  attorneys a written report, under oath, setting forth in detail the manner in which

19  Defendants have complied with paragraphs 1, 2 and 3, above.

20      5.     That Defendants be required to account for and pay over to Haas their

21  profits and the cumulative damages sustained by Haas by reason of Defendants'

22  unlawful acts of trademark infringement, counterfeiting, false designation of origin,

23  dilution, and unfair competition herein alleged, that the amount of recovery be

24  increased as provided by law, up to three times, and that interest and costs be

25  awarded to Haas.

26      6.     That the Court order disgorgement and/or restitution of Defendants'

27  profits to Haas.

28

7. That, for each violation of the trademark rights of Haas, Defendants be ordered to pay statutory damages for such violations under each applicable claim for relief, including where there is a finding of willful infringement or other conduct entitling Haas to an increase in statutory damages, for the maximum award of statutory damages available under each of the applicable claims for relief set forth above, which is the amount of $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed.

8. That Haas be awarded its reasonable costs and attorneys' fees.

9. That Haas be awarded punitive damages.

10. That Haas be awarded such other and further relief as the Court may deem equitable.

DATED:  January 17, 2014

BUCHALTER NEMER
A Professional Corporation


By: _____
GEORGE J. STEPHAN
FARAH P. BHATTI
JASON E. GOLDSTEIN
Attorneys for Plaintiff
HAAS AUTOMATION, INC.

## DEMAND FOR TRIAL BY JURY

Haas hereby demands a trial by jury as to all claims so triable.

DATED:  January 17, 2014

BUCHALTER NEMER
A Professional Corporation


By: _____
GEORGE J. STEPHAN
FARAH P. BHATTI
JASON E. GOLDSTEIN
Attorneys for Plaintiff
HAAS AUTOMATION, INC.