1  BUCHALTER NEMER
   A Professional Corporation
2  GEORGE J. STEPHAN (SBN: 67692)
   FARAH P. BHATTI (SBN: 218633)
3  JASON E. GOLDSTEIN (SBN: 207481)
   18400 Von Karman Avenue, Suite 800
4  Irvine, CA  92612-0514
   Telephone: (949) 760-1121
5  Fax: (949) 720-0182
   Emails:  gstephan@buchalter.com, fbhatti@buchalter.com, jgoldstein@buchalter.com
6
   Attorneys for Plaintiff
7  HAAS AUTOMATION, INC.

8  **UNITED STATES DISTRICT COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10  HAAS AUTOMATION, INC., | Case No. 2:14-cv-00434-CBM(PLAx) |
| 11           Plaintiff, | **JOINT RULE 26(F) REPORT** |
| 12      vs. | **Complaint filed:** January 17, 2014<br>**Trial date:** TBD |
| 13  BRIAN DENNY, an individual, CNCPROS.NET, Inc., an Idaho Corporation, AUTOMATED SOLUTIONS, INC., an Idaho Corporation doing business as ASI MACHINE & SUPPLY, CNCLISTINGS, LLC, an Idaho Corporation, FHD INTERNATIONAL, LLC, an Idaho limited liability company and Does 1-10 inclusive, | |
| 18           Defendants. | |

20      The attorneys for Plaintiff Haas Automation, Inc. ("Plaintiff") and Defendants Brian Denny, Automated Solutions, Inc., d/b/a ASI Machine and Supply, CNCPros.net, CNCListings, LLC and FHD International, LLC (sometimes jointly termed "Defendants") conducted the conference required by Federal Rule of Civil Procedure 26(f) and Local Rule 26-1 on February 14, 2014. The Parties now submit this Joint Report regarding the conference and report on the following issues:

## I. NATURE OF THE CASE[1]

### A. Haas' Claims

Haas is one of the largest builders and manufacturers of computer numerically controlled ("CNC") machine tools and parts in the Western World. Over the past thirty (30) years, Haas has built a family of trademarks, service marks and copyrights under which it labels, advertises, offers for sale and sells its CNC goods and services throughout the United States and the world. Haas sells CNC goods using the Haas name, including on the Internet.

Plaintiff's claims against Defendants primarily involve Defendants' sale of fake replacement parts for Haas CNC machines ("Fake Replacement Parts") on the internet without indicating whether a consumer would receive Fake Replacement Parts for a Haas CNC machine or an authentic replacement part manufactured by or for Haas. Defendants identified some of the Fake Replacement Parts with the same part numbers which are used to identify authentic Haas replacement parts and shipped the Fake Replacement Parts in packaging that displayed the word "Haas" on it and enclosed an invoice with the word "Haas" on it.

Plaintiff alleges the following claims for relief against Defendants: 1) Trademark Counterfeiting; 2) Trademark Infringement; 3) False Designation of Origin; 4) Trademark Dilution; 5) False Advertising; 6) California State Unfair Competition; 7) California State Trademark Dilution; 8) Common Law Unfair Competition; and, 9) California State False Advertising.

### B. Defendants' Defenses

Defendants deny Plaintiff's allegations and allege that Plaintiff's claims are barred by their denials and their affirmative defenses.

Defendants filed an Answer on February 11, 2014.

---

[1] This is not an exclusive list of the factual and legal issues presented in this case. However, the Parties deem this to be a sufficient list to provide the Court with an understanding of what this case is about. Defendants deny Plaintiff's allegations and Plaintiff disputes Defendants' defenses.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 15719142V1

2:14-cv-00434-CBM(PLAX)

JOINT RULE 26(F) REPORT

## II.  Discovery And Experts

**Rule 26(f)(3)A):** The Parties agree that initial disclosures should be made 30 days after the Rule 26(f) conference.

**Rule 26(f)(3)(B):** The Parties intend to seek discovery related to the issues in contention, which will include written discovery and depositions.

Plaintiff anticipates taking discovery with respect to, among other things, Defendants: 1) suppliers; 2) manufacturers; 3) machine drawings; 4) sales figures; 5) marketing materials; and 6) direct mailings.

Plaintiff anticipates taking Defendants' depositions, including but not limited to, Defendants person(s) most knowledgeable regarding Defendants: 1) production; 2) marketing; and 3) customers.

Defendants anticipate taking 1-3 depositions, depending on which person or persons are designated as Plaintiff's 30(b)(6) witnesses. Defendants reserve their right to take additional depositions based on further investigation and discovery.

Discovery does not need to be conducted in phases or limited to or focused on any particular issues.

The Parties have provided in Section IV of this report a proposed list of deadlines for this action for the Court's review and consideration.

**Rule 26(f)(3)(C) – Electronic Discovery:** The Parties do not anticipate any issues with electronic discovery.

**Rule 26(f)(3)(D):** The Parties do not anticipate any unusual privilege claims with respect to discovery. However, the Parties agree that if any privileged documents are inadvertently produced, they are to be returned to the other Party upon request or discovery.

**Rule 26(f)(3)(E):** The Parties do not believe that any changes to the limitations on discovery should be made or that other limitations should be set.

**Rule 26(f)(e)(F):** The Parties, at this time, do not believe that additional orders under Rule 26(c) or Rule 16(b) and (c) are necessary.

**A.    Complex Case (L.R. 26-1(a))**

The Parties believe that this case is not complex and does not require any of the Manual For Complex Litigation procedures.

**B.    Motion Schedule (L.R. 26-1(b))**

The Parties intend to file Motions for Summary Judgment. Discovery needs to be conducted before those motions can be heard.

The Parties have provided in Section IV of this report a proposed list of deadlines for this action for the Court's review and consideration.

**C.    Settlement (L.R. 26-1(c))**

The Parties do not believe that settlement is a possibility at this time, but are open-minded. The Parties propose that any mandatory settlement procedure be conducted before a Magistrate Judge (Procedure 1).

**D.    Trial Estimate (L.R. 26-1(d))**

The Parties anticipate that this will be a 7-8 day trial. Plaintiff demanded a jury trial in its Complaint and Defendants demanded a jury trial in the body of their Answer.

**E.    Additional Parties (L.R. 26-1(e))**

The Parties do not currently anticipate any additional parties. However, Plaintiff reserves the right to add any additional entity created by Brian Denny, including but not limited to, Sequoiacnc.com.

**F.    Expert Witnesses (L.R. 26-1(f))**

The Parties believe that the Court's customary and usual procedures will be appropriate for this case. Plaintiff anticipates three (3) experts. Their areas of expertise will include: 1) intellectual property; 2) damages; and 3) the internet. Plaintiff reserves its right to retain additional experts. Defendants reserve their right to retain rebuttal experts.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 15719142V1

2:14-cv-00434-CBM(PLAX)

JOINT RULE 26(F) REPORT

### III. Magistrate Judge

The Parties do not consent to have this matter heard by a Magistrate Judge.

### IV. Proposed Deadlines For This Action

The Parties propose the following deadlines for this action:

| Matter | Date |
| --- | --- |
| Discovery Cut-Off | June 22, 2015 |
| Motion Filing Deadline | August 10, 2015 |
| Final Pretrial Conference | September 14, 2015 |
| Trial | September 22, 2015 |

Respectfully submitted,

DATED: March 31, 2014

BUCHALTER NEMER
A Professional Corporation

By: /s/ Jason E. Goldstein
GEORGE J. STEPHAN
FARAH P. BHATTI
JASON E. GOLDSTEIN
Attorneys for Plaintiff
HAAS AUTOMATION, INC.

DATED: March 31, 2014

HAWLEY TROXELL ENNIS & HAWLEY LLP

By: /s/ Steven F. Schossberger
STEVEN F. SCHOSSBERGER
Attorneys for Defendants
BRIAN DENNY, CNCPROS.NET, INC., AUTOMATED SOLUTIONS, INC., ASI MACHINE AND SUPPLY, CNCLISTINGS, LLC AND FHD INTERNATIONAL, LLC

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 15719142V1

2:14-cv-00434-CBM(PLAX)

JOINT RULE 26(F) REPORT